DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE ) <br> USE OF HEAVY MATERIALS, LLC, ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> TIP TOP CONSTRUCTION CORP, ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action No. 2015-0008 |

**Attorneys:**
**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Scot F. Mchain, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the following Motions to Dismiss filed by Defendant Tip Top Construction Corp ("Defendant"): (1) "Defendant Tip Top's Motion to Dismiss Amended Complaint" filed on May 19, 2015 (Dkt. No. 20), (the "Motion"); and (2) "Defendant Tip Top's Second Motion to Dismiss" filed on January 5, 2016 (Dkt. No 36), (the "Second Motion").[1] For the reasons set forth below, the Court will deny both Motions.

---

[1] Defendant also filed an initial Motion to Dismiss on April 8, 2015 (Dkt. No. 10). As noted below, this initial Motion to Dismiss is now moot, and thus will also be denied. Likewise, Plaintiff filed a "Request for Ruling on [Defendant's] Motion to Dismiss Amended Complaint" on December 15, 2015 (Dkt. No. 35). As explained below, Plaintiff's Request for Ruling will also be denied as moot.

1

## I.   BACKGROUND

On February 19, 2015, Plaintiff brought suit under the Miller Act, 40 U.S.C. §§ 3131-3134, alleging that it is owed money from Defendant and its surety Travelers Casualty and Surety Company ("Travelers") for materials supplied for a federal construction project. (*See* Dkt. No. 1). Specifically, the Original Complaint alleges that Defendant entered into a written contract with the United States to construct the Joint Forces Readiness Headquarters Facility at Estate Bethlehem, Kingshill, St. Croix for the Virgin Islands National Guard; that Defendant and Travelers allegedly "duly executed and delivered to the United States of America a payment bond, bond number 105350690, for the protection of all persons supplying labor and material" in connection with the construction project; and that despite supplying construction materials pursuant to Defendant's contract, Defendant has failed to fully pay Plaintiff. (*Id.* at ¶¶ 5-7).

On April 8, 2015, Defendant filed a Motion to Dismiss claiming that the Original Complaint identified the wrong bond number and should therefore be dismissed. (*See* Dkt. No. 10 at 2 (noting that the Original Complaint listed the bond number for the Regional Training Institute project instead of the Joint Forces Readiness Headquarters Facility project)). In lieu of a response, Plaintiff filed its First Amended Complaint on April 29, 2015 (Dkt. No. 14) ("Amended Complaint"), pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.[2] The Amended Complaint alleges for the first time that the construction materials were provided pursuant to bond number 105485008. (*Id.* at ¶ 6). Contemporaneously with the Amended Complaint, Plaintiff filed a "Motion Requesting Plaintiff's Amended Complaint Relate Back to Original Complaint Pursuant [to] Fed. R. Civ. P. 15(c)" (Dkt. No. 15). In its Motion to Relate Back, Plaintiff asserts that the

---

[2] In relevant part, Rule 15(a)(1)(B) provides that a "party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B).

2

relation-back doctrine of Rule 15(c) of the Federal Rules of Civil Procedure "applies to the Miller Act." (*Id.* at 5). Plaintiff further asserts that correcting the bond number was a "technical change" and that both the Original Complaint and the Amended Complaint "relate[] to the exact same parties, for the same type of materials, involving the same location, and adds no new claims or allegations." (*Id.*).[3] Accordingly, Plaintiff argues that its Amended Complaint—although filed after the Miller Act's one-year time limit—should relate back to its Original Complaint pursuant to Rule 15(c). (*Id.*).

On May 13, 2015, Defendant filed its "Opposition to Motion to Relate Amended Complaint Back" (Dkt. No. 17),[4] and on May 19, 2015, filed its "Motion to Dismiss Amended Complaint" (Dkt. No. 20). In the Motion to Dismiss, Defendant argues that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Miller Act. (Dkt. No. 20 at 1). Defendant argues that the Miller Act's one-year time limit is not just a statute of limitations but is a "statute of repose," and the relation-back doctrine under Rule 15(c) is inapplicable to statutes of repose. (*Id.* at 2-3).[5] Accordingly, Defendant asserts that the Amended Complaint should be dismissed as untimely. (*Id.* at 3-4).[6]

---

[3] Plaintiff asserts that, except for correcting the bond number, the "Amended Complaint is exactly the same as the [O]riginal [C]omplaint." (Dkt. No. 23 at 1).

[4] On May 20, 2015, the Magistrate Judge issued an Order granting Plaintiff's Motion to Relate Back. (Dkt. No. 22 at 3).

[5] Plaintiff and Defendant agree that Plaintiff filed the Original Complaint on the day before the expiration of the Miller Act's one-year statute of limitations. (*See* Dkt. No. 20 at 2; Dkt. No. 23 at 1).

[6] In its Motion, Defendant summarily requests that the Court also dismiss the Original Complaint due to its failure to list the correct bond number. (*See* Dkt. No. 20 at 4).

On October 1, 2015, Plaintiff and Travelers filed a "Stipulation for Dismissal with Prejudice" that dismissed Travelers from the case, but noted that "Plaintiff's claims against [Defendant] remain outstanding." (Dkt. No. 33 at 1). The Court subsequently accepted this Stipulation. (Dkt. No. 34).

After Travelers' dismissal, Defendant filed its Second Motion arguing, as an alternative to its first Motion, that the Miller Act allows Plaintiff to "bring a civil action on the payment bond." (Dkt. No. 36 at 2 (quoting 40 U.S.C. § 3133(b)(1)) (quotations omitted)). Because Plaintiff dismissed its claims against Travelers (the surety), Defendant asserts that the federal claim on the payment bond has been eliminated, and the Court should decline to exercise jurisdiction over the remaining local claims. (*Id.*).

In its Opposition, Plaintiff argues that the Miller Act allows it to "prosecute the action to final judgment." (Dkt. No. 37 at 1). Although it settled its claims with Travelers, Plaintiff contends that "the *action* against [Defendant] had not been prosecuted to final judgment," and, therefore, the federal claim has not been extinguished. (*Id.* at 1-2 (emphasis in original)). In any event, Plaintiff maintains that the Court should not decline to exercise jurisdiction over Plaintiff's debt action against Defendant. *Id.* at 3-4.

## II.   DISCUSSION

### A.   Applicable Legal Principles

Following *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit described the analysis to be undertaken when presented with a motion to dismiss for failure to state a claim under Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct.

4

> 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (omitting footnote). Accepting all well-pleaded factual allegations as true, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Advanced Rehab., LLC v. UnitedHealthgroup, Inc.*, 498 F. App'x 173, 176 (3d Cir. 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)) (quotations omitted). "A district court may grant the motion to dismiss only if . . . it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta v. Hovensa, LLC*, 53 V.I. 762, 771 (D.V.I. 2010). (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

Determining whether the well-pleaded facts plausibly give rise to a claim for relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Connelly*, 809 F.3d at 786-87 (quoting *Iqbal*, 556 U.S. at 679) (quotations omitted). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler*, 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted).

The Miller Act requires "a general contractor performing a contract valued at over $25,000 on any [federal] public construction project to obtain a performance bond for the protection of persons supplying labor and material in the prosecution of the work on the project." *U.S. for Use & Ben. of Water Works Supply Corp. v. George Hyman Const. Co.*, 131 F.3d 28, 31 (1st Cir. 1997)

(citing 40 U.S.C. § 3132). Subcontractors who have "furnished labor or material" to the public project but have not been paid in full may bring suit under the Miller Act to recover the amount owed to them. 40 U.S.C. § 3133(b). "The purpose of the Miller Act is 'to protect persons supplying labor and material for the construction of federal public buildings in lieu of the protection they might receive under state statutes with respect to the construction of nonfederal buildings,'" as liens created under state law cannot be applied to federal properties. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 220 (5th Cir. 2012) (quoting *U.S. for Use & Ben. of Water Works Supply Corp.*, 131 F.3d at 31). However, "[a]n action brought under [the Miller Act] must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133.

Rule 15 addresses amended and supplemental pleadings. Under Rule 15(c), an amended pleading "relates back" to the date of the original pleading when, *inter alia*, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c). "Rule 15(c) endeavors to preserve the important policies served by the statute of limitations—most notably, protection against the prejudice of having to defend against a stale claim, as well as society's general interest in security and stability—by requiring 'that the already commenced action sufficiently embraces the amended claims.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting *Nelson v. Cty. of Allegheny*, 60 F.3d 1010, 1014-15 (3d Cir. 1995)).

Although not expressly stated in Rule 15(c), when analyzing whether relation back is appropriate, courts put particular focus on whether the original pleading put the opposing side on notice of the new claim or defense raised in the amended pleading. *Id.* at 146 ("[I]t is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on

the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984))). "[T]he underlying question for a Rule 15(c) analysis is 'whether the *original* complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint.'" *Id.* (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)) (emphasis in original). Relation back is appropriate only when the opposing party had "fair notice of the general fact situation and the legal theory upon which the amending party proceeds." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).

### B.   Motion to Dismiss Based on Alleged Inapplicability of Rule 15(c)

#### 1. Rule 15(c) and the Miller Act

Defendant's sole argument in the Motion is that the relation-back doctrine under Rule 15(c) does not apply to claims brought under the Miller Act, and thus, the Amended Complaint is untimely and must be dismissed along with the Original Complaint. (*See* Dkt. No. 20 at 3-4).[7] As discussed below, the Court concludes that the relation-back doctrine under Rule 15(c) *does* apply to Miller Act claims. Accordingly, Defendant's argument fails, and the Court will deny Defendant's Motion.

Defendant's premise is that the Miller Act's one-year period within which to bring an action is a statute of repose, and therefore Plaintiff cannot use Rule 15(c) to relate back its Amended Complaint to the time that the Original Complaint was filed. However, Defendant cites no persuasive authority (and the Court has found none) to support this assertion.

---

[7] Defendant does not assert that the facts alleged in the Amended Complaint are otherwise insufficient to show that Plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 210-11.

The only authority upon which Defendant relies to support its theory that the Miller Act's one-year period is a statute of repose is *U.S. for Use of Soda v. Montgomery*, 253 F.2d 509 (3d Cir. 1958). In *Soda*, the Third Circuit stated: "Appellant argues that the [Miller] Act time limit for starting litigation under it is really a condition precedent. We are inclined to agree. We therefore consider that . . . it must be established that suit was commenced within the Act's restrictive period." *Id.* at 512 (internal citations omitted). Although the Third Circuit in *Soda* never expressly characterized the Miller Act's one-year period as a statute of repose, Defendant argues that by characterizing the one-year period as a "condition precedent," the same result obtains. Notably, however, despite the passage of over fifty-five years since *Soda* was decided, Defendant has proffered no decision that shares Defendant's interpretation of *Soda* as characterizing the Miller Act's time limit as a statute of repose.

Instead of a statute of repose, the "condition precedent" language in *Soda* has been interpreted as characterizing the Miller Act's one-year period as a jurisdictional prerequisite to bringing suit. *Cacon, Inc. v. Fletcher & Sons, Inc.*, 1991 WL 25693, at *1 (E.D. Pa. Feb. 25, 1991) ("Compliance with the [one-year] statutory period is a jurisdictional prerequisite to the maintenance of any suit against a surety on a Miller Act bond.") (citing *Soda*, 253 F.2d at 512).[8] However, even this interpretation of *Soda* has recently been called into question. Since *Soda* was

---

[8] It is unclear whether Defendant is drawing any substantive distinction for purposes of its analysis between statutes of repose and jurisdictional bars because Defendant does not discuss the latter. In any event, the facts in the cases Defendant proffers involving statutes of repose—none of which involve the Miller Act—are distinguishable from the instant matter. As explained below, the Court finds that the Original Complaint, which was filed within the Miller Act's one-year time limit, successfully pleads a cause of action under the Miller Act. *See infra* pages 15-17. Thus, this is not an instance in which the Amended Complaint names a new defendant, brings a new cause of action, or is otherwise being "used to extend federal jurisdiction." *See In re Cmty. Bank of N. Virginia*, 467 F. Supp. 2d 466, 481 (W.D. Pa. 2006) (quoting *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002)) (quotations omitted).

decided, several Supreme Court decisions have instructed that a close analysis must be conducted prior to finding that a statute's requirements are jurisdictional.[9] Moreover, the Supreme Court has cast doubt on the precedential value of decisions that impose a jurisdictional label without such a close analysis. *See Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 467-68 (3d Cir. 2011) (noting that the Supreme Court has described such decisions as "'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit" (quoting *Arbaugh*, 546 U.S. at 511)).[10] The 1958 decision in *Soda* in which the Third Circuit was "inclined to agree" that the Miller Act's one-year time limit is a condition precedent appears to lack the close analysis that the Supreme Court has since held is required to establish a jurisdictional requirement. *See U.S. ex rel. Liberty Mech.*

---

[9] *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011) (noting that "[b]ecause the consequences that attach to the jurisdictional label may be so drastic, we have tried in recent cases to bring some discipline to the use of this term"); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) ("Courts—including this Court—have sometimes mischaracterized claim-processing rules or elements of a cause of action as jurisdictional limitations, particularly when that characterization . . . did not require close analysis. Our recent cases evince a marked desire to curtail such 'drive-by jurisdictional rulings' . . . ." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)) (omitting internal citations)); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 502 (2006) (holding that the definition of "employer" in Title VII of the Civil Rights Act as a person who has 15 or more employees is not jurisdictional where the definition "does not speak in jurisdictional terms" and that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character" (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)) (quotations omitted)).

[10] The Ninth Circuit applied this new standard to overrule *United States ex rel. Celanese Coatings Co. v. Gullard*, 504 F.2d 466 (9th Cir. 1974), in which it previously held that the Miller Act's one-year period was a jurisdictional prerequisite. *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1175 (9th Cir. 2013). In doing so, the Ninth Circuit noted that "*Celanese Coatings* represents the sort of 'drive-by jurisdictional ruling[ ]' the Supreme Court has held should be accorded 'no precedential effect,' because it lacks a 'close analysis' of the critical differences between jurisdictional and non jurisdictional limitations on causes of action." *Id.* at 1177 (quoting *Arbaugh,* 546 U.S. at 511; *Reed Elsevier*, 559 U.S. at 161) (internal citations omitted). The Ninth Circuit determined that its prior decision in *Celanese Coatings* was "clearly irreconcilable with intervening higher authority" and held that "the Miller Act's statute of limitations is a claims-processing rule, not a jurisdictional requirement." *Id.* at 1178.

*Servs., Inc. v. N. Am. Specialty Ins. Co.*, 2 F. Supp. 3d 610, 617 (E.D. Pa. 2014) (holding that "to the extent *Soda* is read as [characterizing the Miller Act's time limit as a jurisdictional bar], there is no way to reconcile its exceedingly brief jurisdictional discussion with intervening Supreme Court case law," and concluding that the "Miller Act's time limit is non-jurisdictional"). Thus, the characterization of *Soda*'s condition precedent language as a jurisdictional finding is subject to question.

In any event, even assuming that the Miller Act's one-year period is jurisdictional, this would still not aid Defendant's cause. Although courts generally will not apply equitable tolling principles to jurisdictional limits, *see Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998), nothing bars proper application of the relation-back doctrine of Rule 15. For example, in *Williams v. United States*, 405 F.2d 234 (5th Cir. 1968), the Fifth Circuit applied the relation-back doctrine of Rule 15(c) to permit a claim in an amended complaint that otherwise would have been untimely under the two-year jurisdictional limit of the Federal Tort Claims Act ("FTCA"). *Id.* at 235-36.[11] Although the amended complaint was filed four years after the initial accident and two years after the two-year jurisdictional limit of the FTCA had passed, the Fifth Circuit held that the amended complaint related back to the original complaint because the requirements of Rule 15(c) were satisfied. *Id.* at 236-37 (observing that "[a]s long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original

---

[11] Although the court in *Williams* did not explicitly characterize the FTCA's time limit set forth in 28 U.S.C. § 2401(b) as a jurisdictional bar, at the time *Williams* was decided, the Fifth Circuit was interpreting it as such. *See Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975) (characterizing the two-year period in 28 U.S.C. § 2401(b) as jurisdictional); *Quinton v. United States*, 304 F.2d 234, 242 (5th Cir. 1962) ("It is established beyond question that [28 U.S.C. §] 2401(b) is not a statute of limitations, within the legal definition of that term, but that it imposes as a jurisdictional prerequisite to recovery, a substantive condition, qualification, or restriction on both the right and remedy of the plaintiff and on the suability of the United States.") (omitting internal citations).

complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment" (quoting *Travelers Ins. Co. v. Brown*, 338 F.2d 229, 234 (5th Cir. 1964)) (quotations omitted)).

      The Ninth Circuit reached a similar result in another FTCA case. In *Goodman v. United States*, 298 F.3d 1048 (9th Cir. 2002), the Ninth Circuit noted that under the FTCA "[a] district court does not have jurisdiction to hear a tort claim against the United States unless the claimant files a complaint in federal court within six months after final agency decision." *Id.* at 1053 (citing 28 U.S.C. § 2401(b)). Although the original complaint was filed within six months of the final agency decision, it was filed by the incorrect party, and the amended complaint brought by the correct party was untimely. *Id.* at 1052.[12] The Ninth Circuit held that Rule 15(c) applied and that the amended complaint "properly related back to the filing of the original complaint, thus satisfying the jurisdictional requirements of [28 U.S.C. §] 2401(b)." *Id.* at 1054.

      Further, regardless of how the one-year period may be characterized, courts have applied the relation-back doctrine under Rule 15 to cases brought pursuant to the Miller Act. In *U.S. for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070 (9th Cir. 1989), a subcontractor that had not fully been paid for materials it supplied to a federal construction project assigned its rights to the plaintiff. *Id.* at 1071. While the plaintiff filed the original complaint within the Miller Act's one-year period, it did so before obtaining the subcontractor's rights. *Id.* The plaintiff filed the supplemental complaint after the assignment but also after the one-year period had passed. *Id.* Rather than summarily conclude that the relation-back doctrine under Rule 15 was inapplicable to the one-year statutory filing period of the Miller Act, the Ninth Circuit analyzed the original

---

[12] The personal representative of the decedent's estate filed the original complaint, but the proper party (who filed the untimely amended complaint) was actually the decedent's husband. *See Goodman*, 298 F.3d at 1053.

11

complaint, the supplemental complaint, and the requirements of Rule 15. *Id.* at 1073-74. Ultimately, the Ninth Circuit held that the supplemental complaint could not relate back to the original complaint because the plaintiff had no Miller Act claim when it filed the original complaint. *Id.* at 1074. In so holding, the Ninth Circuit noted:

> [T]his case involves what is essentially a new party pursuing a new claim based on different facts. The supplemental complaint alleges a cause of action arising out of a completely different transaction. The [plaintiff's] original complaint arose out of a contract with [the subcontractor], a contract without any connection to the federal construction project which is the subject of this suit. As we have stated, this original complaint did not state a cause of action under the Miller Act because it was in no way associated with work on the federal construction project. The supplemental complaint was based on [the subcontractor's] assignment of its Miller Act claim against [the prime contractor]. This claim did arise out of work on the federal project. Under these circumstances, the supplemental complaint should not relate back to the original complaint filed by the [plaintiffs].

*Id.* at 1073-74. Thus, although the Ninth Circuit in *CMA* held that the relation-back doctrine under Rule 15 was inapplicable under the circumstances, its analysis runs counter to the blanket proposition that the relation-back doctrine does not apply to Miller Act claims.

Also noteworthy is the fact that other district courts in the Third Circuit have applied the relation-back doctrine of Rule 15 in the context of the Miller Act's one-year limitations period. *See ACC Roofing, Inc. v. Dix & Sons Const. Co.*, 1991 WL 224066, at *2 (E.D. Pa. Oct. 24, 1991); *U.S. for Use of Ross v. Somers Const Co.*, 184 F. Supp. 563, 567-68 (D. Del. 1959). In these cases—both of which were decided after the Third Circuit's decision in *Soda*—the courts held that an otherwise untimely amended complaint related back to the original complaint under Rule 15(c). *ACC Roofing, Inc.*, 1991 WL 224066, at *2; *U.S. for Use of Ross*, 184 F. Supp. at 567. In so holding, both courts rejected arguments that the amended complaints were barred by the Miller Act's one-year time limit. *ACC Roofing, Inc.*, 1991 WL 224066, at *2; *U.S. for Use of Ross*, 184 F. Supp. at 567. As noted by the court in *U.S. for Use of Ross*:

> Since a claim under the Miller Act was, at least, attempted to be set forth in the original complaint, then this amendment is not stating a new cause of action. The complaint gave the defendants fair warning that suit was being brought against them under the Miller Act, and the amendment does nothing more than particularize the general allegations set forth in the complaint.

184 F. Supp. at 567.

Defendant fails to discuss these cases or provide any persuasive reason why this Court should reach a different conclusion. In view of the foregoing, the Court rejects Defendant's contention that the relation-back doctrine of Rule 15(c) is inapplicable to claims brought under the Miller Act.

### 2. Relation Back of Plaintiff's Amended Complaint

Having determined that the relation-back doctrine under Rule 15 is applicable to Miller Act claims, the Court next evaluates whether relation back is appropriate in this case. The Court concludes that it is.[13]

Under Rule 15(c), Plaintiff's Amended Complaint relates back to the date of the Original Complaint if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original [complaint]." Fed. R. Civ. P. 15(c). The "underlying question" is whether Plaintiff's claims in the Original Complaint adequately notified Defendant of the basis of liability that Plaintiff now advances in its Amended Complaint. *Glover*, 698 F.3d at 146.[14]

---

[13] The Court notes that the Magistrate Judge previously granted Plaintiff's "Motion Requesting Plaintiff's First Amended Complaint Relate Back to Original Complaint Pursuant [to] Fed. R. Civ. P. 15(c)." (Dkt. No. 22). This Memorandum Opinion addresses the relation-back issue in order to comprehensively address Defendant's Motions. This Court reaches the same conclusion as the Magistrate Judge.

[14] Although cases discussing the notice requirement of Rule 15(c) often reference the policy goals of statutes of limitation, *see Glover*, 698 F.3d at 145, the same analysis applies to instances in which the applicable time period is a jurisdictional bar. *See Goodman*, 298 F.3d at 1054 (allowing

13

Plaintiff's Original Complaint alleges that Plaintiff supplied materials to Defendant; Defendant failed to fully pay Plaintiff for the materials; and the materials were used on a federal construction project, specifically the Joint Forces Readiness Headquarters Facility at Estate Bethlehem, Kingshill, St. Croix. (Dkt. No. 1 at ¶¶ 5-7). However, the Original Complaint erroneously states that the relevant bond number is 105350690 (*id.* at ¶ 6), which is the bond number for the Regional Training Institute (Dkt. No. 10 at 2). The Amended Complaint is essentially identical to the Original Complaint, except that it correctly identifies the bond number for the Joint Forces Readiness Headquarters Facility. (Dkt. No. 14 at ¶ 6).

The Court concludes that the Amended Complaint asserts the same claim arising from the same transaction set forth in the Original Complaint, and that the Original Complaint adequately notified Defendant of the Amended Complaint's claim. The Original Complaint contains the name and location of the federal construction project; the period of time in which Plaintiff provided construction materials to the project; and the amount of money Defendant agreed to pay Plaintiff for the materials associated with the project. (Dkt. No. 1 at ¶¶ 5, 7). In light of these details identifying the correct federal construction project (the Joint Forces Readiness Headquarters) the change in the Amended Complaint to reflect the bond number for the Joint Forces Readiness Headquarters does not raise a new claim or a different transaction. Thus, despite identifying the incorrect bond number, the Original Complaint more than amply notified Defendant "of the

---

an amended complaint to relate back to the original complaint "thus satisfying the jurisdictional requirements of Section 2401(b)" in part because "[t]here can be little doubt that the government was alerted to the interests involved of both the Estate and the surviving spouse"); *see also* Fed. R. Civ. P. 15(c) advisory committee's note to 1966 amendment (discussing cases in which courts refused to relate back amended complaints attempting to correct the name of the defendants where the applicable time period was jurisdictional and noting: "The policy of the statute limiting the time for suit against the Secretary of [Health, Education, and Welfare] would not have been offended by allowing relation back in the situations described above. For the government was put on notice of the claim within the stated period . . . .").

general fact situation and the legal theory" advanced in the Amended Complaint. *Bensel*, 387 F.3d at 310.

Indeed, Defendant clearly knew what the Original Complaint attempted to allege before the Amended Complaint was filed. In its Motion to Dismiss the Original Complaint, Defendant notes the following: "The instant case was filed against the bond for the [Regional Training Institute] project which is bond 105350690. The materials in question were picked up by [Defendant] and delivered to the [Joint Forces Readiness Headquarters] site under bond no. 105485008. Thus, Plaintiff has sought recovery under the wrong surety bond." (Dkt. No. 10 at 2). Thus, even before the Amended Complaint was filed, Defendant realized that the "materials in question" involved those for the Joint Forces Readiness Headquarters, but that the wrong bond number was included. In view of the forgoing, the Court finds that the Original Complaint notified Defendant that Plaintiff was pursuing a Miller Act claim based on materials it supplied to the Joint Forces Readiness Headquarters project and that relation back is, therefore, appropriate.

Moreover, unlike the original complaint the Ninth Circuit examined in *CMA*, relation back is appropriate here because Plaintiff's Original Complaint successfully pleads a cause of action under the Miller Act. The Miller Act requires a plaintiff to establish that: "(1) it supplied labor and materials for work provided for in the contract; (2) it has not been paid; (3) it has a good faith belief that the materials were intended for the specified work; and (4) the jurisdictional requisites are met." *U.S. ex rel. U.S. Glass, Inc. v. Patterson*, 2014 WL 442853, at *2 (E.D. Pa. Feb. 4, 2014) (citing *U.S. ex rel Krupp Steel Prods., Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 980 (11th Cir. 1987); *U.S. ex rel Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.*, 750 F.2d 759, 761 (9th Cir. 1984)).

The allegations in the Original Complaint satisfy all four required elements and, thus, successfully plead a cause of action under the Miller Act. The Original Complaint alleges that Defendant "entered into a written contract with the United States . . . to construct the Joint Forces Readiness Headquarters Facility" (Dkt. No. 1 at ¶ 5), and that "[Plaintiff] supplied construction materials to [Defendant], all of which were used in the prosecution of the work provided for in the principal contract" (*id.* at ¶ 7). This satisfies the first and third elements. The second element is satisfied by the allegation that, in connection with the materials it supplied Defendant, Defendant owes Plaintiff $48,750.68. (*Id.*). Finally, the Original Complaint sufficiently pleads the "jurisdictional requisites" by alleging that (at the time of the Original Complaint) less than one year but more than 90 days had passed since Plaintiff last supplied materials to Defendant and that Plaintiff supplied written notice to Defendant of the amount owed within 90 days of the date that materials were last supplied. (*Id.* at ¶¶ 8-9); *see U.S. ex rel. ESCO Elec. Supply Co. v. Aeroplate Corp.*, 2013 WL 4763843, at *4 (E.D. Pa. Sept. 5, 2013) (characterizing the one-year and 90-day time periods as the jurisdictional requisites for a Miller Act claim).[15] Accordingly, Plaintiff's Original Complaint successfully pleads a cause of action under the Miller Act, despite the fact that it contains the incorrect bond number.

In sum, the Court rejects Defendant's contention that the relation-back doctrine is inapplicable to Miller Act claims. Further, the Court finds that, under the circumstances, the

---

[15] In describing the four elements necessary to plead a cause of action under the Miller Act, courts have used the term "jurisdictional requisites" to refer to the Miller Act's 90-day and one-year statutory filing periods and the 90-day notice requirement. *See Martin Steel Constructors*, 750 F.2d at 761; *ESCO Elec. Supply Co.*, 2013 WL 4763843, at *4. Accordingly, the Court uses the term "jurisdictional requisites" for the same purpose here, but does not decide the issue of whether these statutory requirements are, in fact, jurisdictional requirements. *See supra* pages 8-10.

Original Complaint pleads a cause of action under the Miller Act, and the Amended Complaint relates back to the Original Complaint. Accordingly, Defendant's Motion will be denied.[16]

### C. Defendant's Second Motion to Dismiss Amended Complaint

Defendant's Second Motion to Dismiss the Amended Complaint notes that Plaintiff originally brought the claim against Defendant and its bonding company, Travelers. (Dkt. No. 36 at 1). Because Travelers subsequently settled with Plaintiff and is no longer a party to the case, Defendant asserts that Plaintiff no longer has a claim under the Miller Act and, therefore, must be dismissed for lack of jurisdiction. (*Id.* at 2 (Plaintiff . . . settled with [Defendant's] payment bond insurer, Travelers. Because Plaintiff settled the civil action as it pertains to the payment bond, any additional claim, does not arise from the federal statute.") (internal citation omitted)). The Court rejects Defendant's contention that Plaintiff's settlement with Travelers extinguished Plaintiff's Miller Act claim.

Defendant rests its argument on the language of the Miller Act stating that an unpaid subcontractor "may bring a civil action on the payment bond." 40 U.S.C. § 3133(b)(1). Defendant's argument is that only a suit against the surety (Travelers) constitutes an "action on the payment bond." (Dkt. No. 36 at 2). Defendant cites no authority for this interpretation. Nor does Defendant explain how its argument survives in view of Plaintiff's uncontested allegation

---

[16] Because the First Amended Complaint is the operative pleading in this case, the Court will deny as moot Defendant's Motion to Dismiss Plaintiff's Original Complaint that was filed on April 8, 2015 (Dkt. No. 10). *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (stating that an amended complaint functions as the operative complaint and supersedes the prior complaint in its entirety); *see also Josse v. United States*, 2013 WL 152170, at *1 n.1 (D.V.I. Jan. 11, 2013) (denying as moot the defendant's motion to dismiss the first amended complaint after the plaintiff filed a second amended complaint). Likewise, the Court will deny as moot Plaintiff's "Request for Ruling on [Defendant's] Motion to Dismiss Amended Complaint" (Dkt. No. 35), because this Memorandum Opinion and the accompanying Order will render moot Plaintiff's requested relief.

that Defendant and Travelers cosigned the bond at issue. (Dkt. No. 14 at ¶ 6 ("[Defendant], together with [Travelers], duly executed and delivered to the United States of America [the] payment bond")).

The contention that Plaintiff (the subcontractor) cannot maintain a Miller Act claim solely against Defendant (the principal contractor) is unfounded. *See, e.g.*, *U.S. for Use & Benefit of Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199, 1209 (9th Cir. 2002) ("A subcontractor that has performed as agreed need not await the Government's payment of the contractor before initiating an action under the Miller Act against the contractor *or* the surety. Once the requisite ninety-day period has elapsed, the Miller Act permits a subcontractor to seek payment against the payment bond.") (emphasis in original); *U. S. for Use & Benefit of Statham Instruments, Inc. v. W. Cas. & Sur. Co.*, 359 F.2d 521, 524 (6th Cir. 1966) ("The Miller Act grants to the plaintiff the right to recover from the principal or surety, or both, for work and material supplied.") (footnote omitted); *U.S. ex rel. Trinity Indus. Servs., LLC v. Fed. Ins. Co.*, 2012 WL 4928907, at *4 (M.D. Ga. Oct. 16, 2012) ("Although the extent of the surety's liability may be premised on the breach of the subcontract, a subcontractor-plaintiff may pursue a Miller Act claim against the surety alone without joining the contractor or vice versa."); *U.S. ex rel. Lee Masonry Products, Inc. v. Finley*, 2009 WL 2568713, at *1 (W.D. Ky. Aug. 18, 2009) ("Under the [Miller] Act, a subcontractor has a right of recovery against the principal contractor or surety for the labor or materials it supplies."); *U.S. for Use & Ben. of Special-Lite, Inc.*, 1998 WL 299674, at *4 n.8 (E.D. Pa. May 20, 1998) (noting that "the plaintiff could have sued the party with whom it contracted, either in addition to or instead of the surety").

The Eleventh Circuit analyzed similar facts in *U.S. For Use & Ben. of Apex Roofing & Insulation, Inc. v. Union Indem. Ins. Co. of New York*, 865 F.2d 1226, 1227 (11th Cir. 1989). In

*Apex*, the plaintiff (a second-tier subcontractor) brought a Miller Act claim against the subcontractor, contractor, and surety. *Id.* at 1227. However, the plaintiff never perfected service of process on the surety, and the district court dismissed the surety prior to trial. *Id.* After trial, the district court entered judgment against the contractor and subcontractor. *Id.* The subcontractor appealed arguing that the failure to serve the surety divested the court of jurisdiction. *Id.* However, the Eleventh Circuit rejected this argument noting that "[t]he jurisdiction conferred by [40 U.S.C. § 3133(b) [17]] turns on whether the suit is brought on a payment bond furnished under the Miller Act. Jurisdiction is limited to suits on the bond, not to suits against the surety who issued the bond." *Id.* Noting that both the contractor and the surety were jointly and severally liable under the payment bond, the Eleventh Circuit concluded that "[t]he valid Miller Act claim against [the contractor] provided the district court with jurisdiction." *Id.* at 1227-28.

Here Plaintiff brought suit against both Travelers (the surety) and Defendant (the contractor), both of whom—according to Plaintiff's allegations—executed the applicable payment bond. Defendant does not assert that it did not execute the applicable bond or that it was otherwise absolved of responsibility under the bond, but only that Plaintiff's settlement with Travelers extinguished any claim Plaintiff has under the Miller Act. However, claims under the Miller Act are not limited to those against the surety of the bond. Indeed, under the Miller Act "[P]laintiff [has] the right to recover from the principal or surety, or both, for work and material supplied."

---

[17] The applicable provision of the Miller Act has been amended since *Apex* was decided, but none of the changes affect the Court's analysis. At the time *Apex* was decided, the Miller Act stated, in relevant part, that "[e]very person who has furnished labor or material . . . of which a payment bond is furnished . . . shall have the right to sue on such payment bond." *Apex*, 865 F.2d at 1227 (quoting 40 U.S.C. § 270b (now codified at 40 U.S.C. § 3133)). As amended, the Act now states, in relevant part, that "[e]very person that has furnished labor or material . . . for which a payment bond is furnished . . . may bring a civil action on the payment bond for the amount unpaid." 40 U.S.C. § 3133(b)(1).

*Statham Instruments, Inc.*, 359 F.2d at 524 (footnote omitted). Accordingly, the Court finds that Plaintiff's settlement with Travelers did not extinguish its Miller Act claim as against Defendant and will, therefore, deny Defendant's Second Motion to Dismiss the Amended Complaint.[18]

### III.  CONCLUSION

In view of the foregoing, the Court will (1) deny Defendant's Motion to Dismiss Amended Complaint (Dkt. No. 20); (2) deny Defendant's Second Motion to Dismiss (Dkt. No 36); (3) deny as moot Defendant's Motion to Dismiss (Dkt. No. 10); and (4) deny as moot Plaintiff's Request for Ruling on Defendant's Motion to Dismiss Amended Complaint (Dkt. No. 35).

An appropriate Order accompanies this Opinion.

Date:  May 20, 2016                                                      _____/s/_____
                                                                                              WILMA A. LEWIS
                                                                                              Chief Judge

---

[18] Because the Court finds that Plaintiff's Miller Act claim as to Defendant has not been extinguished, it need not consider Defendant's arguments that the Court should not exercise supplemental jurisdiction (Dkt. No. 36 at 2-4), which the Court would have rejected in any event.